Louis B. Heller, J.
Plaintiff wife presents an order of commitment of defendant husband pursuant to an order adjudging defendant to be in contempt of court and fining him for his failure to pay arrears in support allowed by a judgment of separation dated June 26, 1963, with leave to purge himself by paying the fine in the manner indicated in the order.
After making two payments by check properly made out to the order of plaintiff “Jane Doe ”, the defendant thereafter sent the next payment via American Express Money Order made payable to the order of “ Adulteress Jane Doe ”. A week later defendant again sent an American Express Money Order, this time elaborating on the first characterization by denominating the payee “Adulteress bigamist Jane Doe ”. What embellishments would have been contrived for future money orders will never be known because defendant is admonished to cease and desist from making any money orders or checks made payable to plaintiff in any manner other than “ Jane Doe ”. All adjectives, imaginative or otherwise, either before or after the payee’s name, are hereby interdicted.
Of course, the plaintiff refused to indorse the two picturesque checks. No woman should ever be put into the position where she must degrade herself, or be instrumental in publishing a libel against herself in order to cash or deposit a check to which she is rightfully entitled.
*664 Sitting in the matrimonial part, I have- grown accustomed to the bitterness and rancor which is a byproduct of the wars between estranged spouses, but the defendant herein seems to have developed an intriguing dimension in post-judgment brawling.
Plaintiff will return the two checks to defendant, and he is ordered to replace them with two properly made out checks forthwith.
The commitment order will be held in abeyance pending defendant’s compliance or noncompliance as indicated above. Plaintiff is directed to serve a copy of this decision upon defendant by certified mail.